UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:20-cv-01765-RLW |
| ERDCC, et al., | ) |
| Defendants. | ) |

### AMENDED MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff[1] Joseph Michael Devon Engel for leave to commence this civil action without prepayment of the required filing fee.[2] Based on the financial information provided by plaintiff, the motion will be granted, and the Court will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

---

[1] Plaintiff purports to bring this complaint on behalf of himself, as well as inmate Danny Parker, who is also named as a plaintiff in the case caption. However, plaintiff Engel is the only one to sign the complaint. Furthermore, plaintiff Engel is the only one to assert any claims. Indeed, it appears that inmate Parker is only named in the complaint because plaintiff Engel wants Parker "to get 30% of [his] lawsuit." (Docket No. 1 at 1). As such, the Court will proceed as though plaintiff Engel was the sole plaintiff in this case. Furthermore, as discussed below, the Clerk of Court will be directed to strike Parker from this action.

[2] Plaintiff has not submitted a separate motion for leave to proceed in forma pauperis, nor has he paid the filing fee. However, in the body of his complaint, plaintiff states: "Application to proceed in District Court without prepaying fees [and] cost[s][.] I am [in] ERDCC [and] I only get $5.00 dollars a month [and] can[']t get another copy of account [statement][.] [There] is one on file with courts." (Docket No. 1 at 2). The Court has construed this as a motion for leave to commence this civil action without prepayment of the required filing fee.

account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement as required by 28 U.S.C. § 1915(a)(2), claiming that he cannot get another copy. Nevertheless, having reviewed the information provided by plaintiff, the Court will require him to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The

court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri.[3] Since September 9,

---

[3] In his handwritten complaint, plaintiff appears to indicate that he is a "civilly committed detainee." (Docket No. 1 at 1). However, plaintiff has also provided his prison registration number, and has acknowledged that he is being held at the ERDCC, a state correctional facility. Moreover, review of the Missouri Department of Correction's online records show that plaintiff is a convicted state prisoner serving a ten-year sentence for, among other things, second-degree burglary. Therefore, the Court has determined that plaintiff is actually a convicted and sentenced state prisoner, and not a civilly committed detainee, for purposes of 28 U.S.C. § 1915 review.

3

2020, he has filed over 130 cases in the United States District Court for the Eastern District of Missouri.

Plaintiff brings the instant action pursuant to 42 U.S.C. § 1983, naming the ERDCC, the Missouri Department of Corrections, and Corizon as defendants. (Docket No. 1 at 1). In his "Statement of Claim," he asserts that on December 5, 2020, at 2:45 p.m., his cellmate hit the medical distress button for him because his "insides" felt like they were "on fire," he could not hold anything down, he was vomiting and defecating blood, he had "uncontrollable shakes," he was sweating, and his vision was in and out. Plaintiff alleges that "medical does nothing and [the] D.O.C. does nothing."

As a result, plaintiff states that he has suffered "mind raping, mental health issues, [and] medical problems." He seeks $370 trillion in damages, as well as 10,000,000 in JP Morgan stock. Plaintiff also indicates that he wants his cellmate "to get 30% of [his] lawsuit."

## Discussion

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983, naming the ERDCC, the Missouri Department of Corrections, and Corizon as defendants. For the reasons discussed below, this action must be dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

### A. ERDCC and the Missouri Department of Corrections

The Missouri Department of Corrections is a department of the State of Missouri, while the ERDCC is a state correctional facility. Thus, the claims against these defendants are treated the same as claims against the State of Missouri itself. Such claims fail for two reasons. First, the State of Missouri is not a "person" for purposes of 42 U.S.C. § 1983. Second, the State of Missouri is protected by the doctrine of sovereign immunity.

i. **State is Not a 42 U.S.C. § 1983 "Person"**

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (asserting that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983").

Here, as noted above, plaintiff has sued both the Missouri Department of Corrections and the ERDCC. These claims are treated as being made against the State of Missouri. However, a state is not a "person" for purposes of a 42 U.S.C. § 1983 claim for money damages, which is what plaintiff is seeking. Because plaintiff is missing an essential element of a § 1983 action, the claims against the Missouri Department of Corrections and the ERDCC must be dismissed.

ii. **Sovereign Immunity**

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d

5

615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a state waives its immunity to suit in federal court. *Id*. at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception is inapplicable, because the Supreme Court has determined that § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception is also inapplicable, because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect, and providing exceptions).

In this case, plaintiff has named the Missouri Department of Corrections and the ERDCC as defendants. As noted above, however, the Eleventh Amendment bars suit against a state or its agencies for both monetary and injunctive relief. Furthermore, no exceptions to sovereign immunity are present in this case. Therefore, for this reason as well, plaintiff's claims against the Missouri Department of Corrections and the ERDCC must be dismissed.

### B. Corizon

In order to state a 42 U.S.C. § 1983 claim against a corporation, such as Corizon, that is acting under color of state law, a plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983"); and *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent…official policy that inflicts injury actionable under § 1983"). Furthermore, it is not enough for a plaintiff to simply claim that the corporation employed a person or persons who violated his constitutional rights. *See Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007) ("A corporation acting under color of state law cannot be liable on a respondeat superior theory").

In this case, plaintiff has arguably shown that he suffered from an objectively serious medical need on December 5, 2020. He has not, however, demonstrated that Corizon is liable to him for violating his constitutional rights by failing to treat him. To begin, plaintiff's claim that "medical does nothing" is too vague to provide any explanation as to what actually occurred. For

example, it is impossible to know whether plaintiff means that he was denied medical care, that medical care was delayed, or that he believes the medical care he received was deficient. Aside from this one statement, plaintiff provides no further factual allegations to describe what he means, or to support his conclusory assertion. Instead, he leaves it to the Court to speculate, which is not sufficient to state a claim. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").

More importantly, plaintiff's facts, such as they are, do not establish that the purported refusal to treat him came from a Corizon policy, custom, or official action, which is necessary to demonstrate Corizon's liability. Indeed, other than a broad reference to "medical," there is no real attempt by plaintiff to assert any responsibility whatsoever. Aside from being named as a defendant, Corizon is not mentioned again in the complaint. To the extent that plaintiff seeks to hold Corizon responsible for the actions of its employees, he cannot recover under a theory of respondeat superior. For these reasons, plaintiff has failed to state a claim against Corizon. Therefore, the claim must be dismissed.

**C. Claim on Behalf of Other Inmate**

Plaintiff purports to bring this action on behalf of himself, and on behalf of a second inmate, who plaintiff identifies as Danny Parker. However, there is nothing in the complaint to indicate that Parker is seeking to assert liability for the violation of his own constitutional rights. Rather, it appears that Parker is plaintiff's cellmate, and that plaintiff wants Parker "to get 30% of [his] lawsuit." Plaintiff has no standing to bring claims on behalf of other prisoners. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (stating that "[a] prisoner cannot bring claims on behalf of other prisoners"); and *Miner v. Brackney*, 719 F.2d 954, 956 (8th Cir. 1983) (explaining

that plaintiff did not have "standing to assert" a constitutional claim on behalf of another person). Furthermore, Parker has not signed the complaint, and there are no allegations that Parker had his rights violated or was injured. As such, the Court will direct the Clerk of Court to strike Danny Parker from this action.

### D. Motion to Appoint Counsel

Plaintiff has not filed a separate motion to appoint counsel. However, in the body of the complaint, he does seek the appointment of counsel in this case. To the extent that this request can be construed as a separate motion, it is denied as moot, as this action is being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **STRIKE** Danny Parker from this action.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 1st day of February, 2021.

*[signature]*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE